IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE,

    Plaintiff,

v.                            No. 23-cv-1066 (SES)

CRYSTAL RIVERA, and
MONROE COUNTY,

    Defendants.

### PLAINTIFF'S MOTION FOR LEAVE TO PROSECUTE ACTION ANONYMOUSLY, UNDER PSEUDONYM "JANE DOE," RATHER THAN BY HER TRUE NAME

Plaintiff "Jane Doe" hereby moves for an order permitting her to prosecute this action anonymously, to be identified throughout this action by the pseudonym "Jane Doe" rather than by her true name.

The legal and factual justification in support of filing under a pseudonym are as follows:

1.    In August/September 2021, the Monroe County Children and Youth Agency ["the agency"] determined that plaintiff committed child abuse with respect to her minor daughter, and issued a report of "Indicated" status. The determination and status were reversed on July 11, 2022, and the PA Department of Human Services was directed to expunge the indicated reports. The events in question involved plaintiff's three minor children.

2.      Plaintiff filed her complaint on June 26, and served the summons and complaint on both defendants on June 27, 2023.  Plaintiff alleges due process violations against defendants, including that the agency removed her minor daughter and her minor younger son from her custody without a court order.

3.      Federal and state courts in Pennsylvania routinely allow plaintiffs in cases against such county agencies [or state departments] to use pseudonyms or initials in place of their true names.  For examples:  B.S. v. Somerset County, 704 F.3d 350 (3d Cir. 2013); T.A. v. Delaware County, 2019 US Dist. LEXIS 42003 (EDPA); Z.N. v. Cumberland County, 2018 US Dist. Lexis 125394 (MDPA); Doe v. Fayette County, 2010 US Dist. LEXIS 123637 (WDPA); J.T.M. v. Richman, 2008 US Dist. LEXIS 110484 (EDPA); J.F. v. Dept of Human Services, 245 A.3d 658 (2021); G.V. v. Dept of Public Welfare, 625 Pa. 280, 91 A.3d 667 (2014); D.C. v. Dept of Human Services, 150 A.3d 558 (Cmwlth. 2016).

4.      Plaintiff has a legitimate reason for anonymity, because an allegation of sexual abuse is a highly sensitive issue that would subject plaintiff to severe social stigma.  Not allowing anonymity would likely deter those who have been falsely accused of sexual abuse from vindicating their rights due to the stigma that invariably attaches from having one's name publicly attached to such a deplorable act.  D.M. v. County of Berks, 929 F.Supp.2d 390, 402 (EDPA 2013)(quotations

omitted), citing Doe v. Megless, 654 F.3d 404, 409-410 (3d Cir. 2011)(listing factors that favor and disfavor anonymity).  D.M. allowed parents to proceed anonymously and upheld their due process claim.

5. Plaintiff should be allowed to proceed with a pseudonym also to protect her minor children, who were involved in the agency matter, and who would be readily identifiable if their mother were to become known.  As D.M. said, given that children have a clear right to remain anonymous, such protection "would be eviscerated" were plaintiff not allowed to remain anonymous.  Rule 5.2(a)(3), F.R.Civ.P., provides that, where filed documents contain the name of an individual known to be a minor, such documents may include only the initials of such minor.

6. Defendants will not be prejudiced through use of a pseudonym, because defendants know [and have access to] plaintiff's true name.

7. Plaintiff has maintained confidentiality with respect to the matters that are the subject of this action.  Megless.

8. Plaintiff is a private figure, and there is an atypically weak public interest in knowing plaintiff's identity.  Megless.

9. Plaintiff has no illegitimate or ulterior motive in seeking to prosecute this action pseudonymously.  Megless.

10. Plaintiff is seeking the concurrence of defendants in this motion, as required by Local Rule 7.1. On June 27, 2023, plaintiff hand-delivered the request for concurrence, together with the summons and complaint.

11. Plaintiff will report to the court when she receives a response to her request for concurrence.

WHEREFORE, plaintiff should be permitted to prosecute this action anonymously, to be identified throughout this action by the pseudonym "Jane Doe" rather than by her true name.

/s/ *Cletus P. Lyman*
Cletus P. Lyman
LYMAN & ASH
1612 Latimer Street
Philadelphia, PA 19103
(215) 732-7040/Fax. (215) 732-2496
Cletus@lymanash.com

Counsel for Plaintiff

<u>Local Rule 7.1 Certificate Re Concurrence</u>

Undersigned counsel for plaintiff hereby certifies that he sought the concurrence of defendants to the foregoing motion, request made in a hand-delivered letter on June 27, 2023, and that he has not received a response to his request from either defendant.

Counsel will report to the court when he receives a response to this request for concurrence in the motion.

    /s/ *Cletus P. Lyman*
    Cletus P. Lyman

<u>Certificate of Service</u>

Undersigned counsel for plaintiff hereby certifies that copies of the foregoing motion were served upon defendants as set forth below, on June 29, 2023, via first-class mail.

Served upon:

Ms. Crystal Rivera
Supervisor
Monroe County Office of Children & Youth
730 Phillips Street
Stroudsburg, PA 18360

Monroe County
Attention: Philip Barcafer, Risk Manager
Administrative Building, Room 205A
One Quaker Plaza
Stroudsburg, PA 18360

/s/ *Cletus P. Lyman*
Cletus P. Lyman